# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *   *
TIFFANY HARRIS as parent of             *
A.H., a minor,                          *
                                        *   No. 16-528V
                 Petitioner,            *   Special Master Christian J. Moran
                                        *
v.                                      *   Filed: April 5, 2018
                                        *
SECRETARY OF HEALTH                     *   Stipulation; influenza ("flu") vaccine;
AND HUMAN SERVICES,                     *   Guillain-Barré syndrome ("GBS");
                                        *   cerebellitis; neuropathy;
                                        *
                 Respondent.            *
* * * * * * * * * * * * * * * * * * *   *
```

Ronald C. Homer & Christina M. Ciampolillo, Conway, Homer, P.C., Boston, MA, for Petitioner;
Jason C. Bougere, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION[1]

On April 4, 2018, the parties filed a joint stipulation concerning the petition for compensation filed by Tiffany Harris on behalf of A.H. on April 29, 2016. Petitioner alleged that the influenza ("flu") vaccine A.H. received on January 27, 2014, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused A.H. to suffer neurological injuries, including, but not limited to, cerebellitis, neuropathy, and Guillain Barré syndrome. Petitioner further alleges that A.H. suffered the residual effects of these injuries for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on A.H.'s behalf as a result of A.H.'s condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccine either caused or significantly aggravated A.H.'s alleged injuries or any other injury, and denies that A.H.'s current disabilities are the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum of $216,561.11, which amount represents compensation for first year life care expenses ($6,561.11) and pain and suffering ($210,000.00), in the form of a check payable to petitioner as guardian(s)/conservator(s) of the estate of A.H. for the benefit of A.H. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of A.H.'s estate;**

b. **A lump sum of $17,131.88, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Tiffany Harris; and**

c. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the attached joint stipulation, paid to the life insurance company from which the annuity will be purchased.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-528V according to this decision and the attached stipulation.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TIFFANY HARRIS as parent of ) <br> A.H., a minor ) <br> Petitioner, ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) <br> ) | No. 16-528V <br> Special Master Moran <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, A.H., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to A.H.'s receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. A.H. received the flu immunization on January 27, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that A.H. suffered neurological injuries, including, but not limited to cerebellitis, neuropathy and Guillain-Barre syndrome ("GBS") variants as a result of receiving the vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of A.H. as a result of her condition.

6. Respondent denies that the vaccine caused A.H. to suffer neurological injuries, including, but not limited to cerebellitis, neuropathy and GBS variants, or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $216,561.11, which amount represents compensation for first year life care expenses ($6,561.11) and pain and suffering ($210,000.00), in the form of a check payable to petitioner as guardian(s)/conservator(s) of the estate of A.H. for the benefit of A.H. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of A.H.'s estate;
>
> b. A lump sum of $17,131.88, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Tiffany Harris; and
>
> c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

  a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

  b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

  c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

  d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of A.H., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner, as the court-appointed guardian(s)/conservator(s) of the estate of A.H. for the following items of compensation:

> a. For future unreimbursable Insurance Premium expenses, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $2,358.60 to be paid up to the anniversary of the date of judgment in year 2028, increasing at the rate of five percent (5%), compounded annually from the date of judgment.
>
> b. For future unreimbursable Blue Cross Blue Shield Premium expenses, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $5,166.12 to be paid up to the anniversary of the date of judgment in year 2067, increasing at the rate of five percent (5%), compounded annually from the date of judgment.
>
> c. For future unreimbursable Medicare Advantage expenses, beginning on the anniversary of the date of judgment in year 2067, an annual amount of $912.00 to be paid for the remainder of A.H.'s life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.
>
> d. For future unreimbursable Insurance Deductible, Blue Cross Blue Shield Deductible, Medicare Part B Deductible, Primary Care Physician, Neurologist, Rehabilitation Medicine, Future Specialist, MRI, and X-ray expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,580.01 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $1,293.34 to be paid up to the anniversary of the date of judgment in year 2028. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $2,823.12. Then, on the anniversary of the date of judgment in year 2029, a lump sum of $2,790.95. Then, on the anniversary of the date of judgment in year 2030, a lump sum of $2,865.95. Then, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $2,815.95 to be paid up to the anniversary of the date of judgment in year 2065. Then, beginning on the anniversary of the date of judgment in year 2065, an annual amount of $2,799.86 to be paid up to the anniversary of the date of judgment in year 2067. Then, on the anniversary of the date of judgment in year 2067, a lump sum of $456.34. Then, on the anniversary of the date of judgment in year 2068, a lump sum of $429.67. Then, on the anniversary of the date of judgment in year 2069, a lump sum of $447.17. Thereafter, beginning on the anniversary of the date

of judgment in year 2070, an annual amount of 435.50 to be paid for the remainder of A.H.'s life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

e. For future unreimbursable Physical Therapy, Occupational Therapy, Hippotherapy, Dance Therapy, and Massage Therapy expenses, on the first anniversary of the date of judgment, a lump sum of $2,810.00. Then, on the anniversary of the date of judgment in year 2020, a lump sum of $2,650.00. Then, beginning on the anniversary of the date of judgment in year 2021, an annual amount of $2,260.00 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $1,060.00 to be paid up to the anniversary of the date of judgment in year 2026. Then, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $980.00 to be paid up to the anniversary of the date of judgment in year 2028. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $89.60. Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $29.87 to be paid up to the anniversary of the date of judgment in year 2065. Then, on the anniversary of the date of judgment in year 2067, a lump sum of $400.00. Thereafter, beginning on the anniversary of the date of judgment in year 2068, an annual amount of $133.33 to be paid for the remainder of A.H.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f. For future unreimbursable Counselor expenses, on the first anniversary of the date of judgment, a lump sum of $360.00. Then, on the anniversary of the date of judgment in year 2024, a lump sum of $360.00. Then, on the anniversary of the date of judgment in year 2029, a lump sum of $150.00. Then, beginning on the anniversary of the date of judgment in year 2030, an annual amount of $30.00 to be paid up to the anniversary of the date of judgment in year 2065. Then, on the anniversary of the date of judgment in year 2069, a lump sum of $240.00. Thereafter, beginning on the anniversary of the date of judgment in year 2070, an annual amount of $48.00 to be paid for the remainder of A.H.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable Tylenol, AFO, Manual Wheel Chair, Cane, Portable Grab Bars, Rolling Backpack, and Special Shoe expenses, beginning on the first anniversary of the date of judgment, an annual amount of $425.24 to be paid up to the anniversary of the date of judgment in year 2025. Then, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $395.24 to be paid up to the anniversary of the date of judgment in year 2027. Then, on the anniversary of the date of judgment in year 2027, a lump sum of $635.08. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $421.23. Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $231.23 to be paid up to the anniversary of the date of judgment in year 2061. Thereafter, beginning on the anniversary of the date of judgment in year 2061, an annual amount of $226.69 to be paid for the remainder of A.H.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

h. For future unreimbursable Scooter, Scooter Battery, Scooter Maintenance, Car Lift, Portable Ramp, Transfer Shower Bench, and Hand Held Shower expenses, on the anniversary of the date of judgment in year 2032, a lump sum of $2,562.90. Then, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $251.62 to be paid up to the anniversary of the date of judgment in year 2063. Then, beginning on the anniversary of the date of judgment in year 2063, an annual amount of $194.99 to be paid up to the anniversary of the date of judgment in year 2067. Then, on the anniversary of the date of judgment in year 2067, a lump sum of $448.32. Then, on the anniversary of the date of judgment in year 2068, a lump sum of $2,147.32. Thereafter, beginning on the anniversary of the date of judgment in year 2069, an annual amount of $731.49 to be paid for the remainder of A.H.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

i. For future unreimbursable Pool Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $225.00 to be paid up to the anniversary of the date of judgment in year 2073, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

j. For future unreimbursable Home Health Aide expenses, beginning on the anniversary of the date of judgment in year 2037, an annual amount of $7,176.00 to be paid up to the anniversary of the date of judgment in year 2052. Then, beginning on the anniversary of the date of judgment in year 2052, an annual amount of $16,744.00 to be paid up to the anniversary of the date of judgment in year 2062. Then, beginning on the anniversary of the date of judgment in year 2062, an annual amount of $25,116.00 to be paid up to the anniversary of the date of judgment in year 2072. Thereafter, beginning on the anniversary of the date of judgment in year 2072, an annual amount of $33,488.00 to be paid for the remainder of A.H.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

k. For future unreimbursable Driver's Evaluation, Car Adaptation, Primary Care Physician Mileage, Neurologist Mileage, Rehabilitation Medicine Mileage, Specialist Mileage, Physical Therapy Mileage, Occupational Therapy Mileage, Counselor Mileage, Hippotherapy Mileage, Dance Therapy Mileage, Massage Mileage, and Pool Therapy Mileage expenses, on the first anniversary of the date of judgment, a lump sum of $494.46. Then, on the anniversary of the date of judgment in year 2020, a lump sum of $452.78. Then, beginning on the anniversary of the date of judgment in year 2021, an annual amount of $438.91 to be paid up to the anniversary of the date of judgment in year 2024. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $387.50 to be paid up to the anniversary of the date of judgment in year 2028. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $336.67. Then, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $330.57 to be paid up to the anniversary of the date of judgment in year 2065. Then, beginning on the anniversary of the date of judgment in year 2065, an annual amount of $313.16 to be paid up to the anniversary of the date of judgment in year 2073. Thereafter, beginning on the anniversary of the date of judgment in year 2073, an annual amount of $159.75 to be paid for the remainder of A.H.'s life, all amounts

increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioner and do not require that the payment be made in one annual installment. The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as A.H. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, and the Life Insurance Company shall be provided within twenty (20) days of A.H.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of A.H. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of A.H.'s estate under the laws of the State of Utah. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian(s)/conservator(s) of A.H.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.H. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.H. upon submission of written documentation of such appointment to the

Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of A.H., on behalf of herself, A.H., and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.H. resulting from, or alleged to have resulted from the vaccination administered on January 27, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about April 29, 2016, in the United States Court of Federal Claims as petition No. 16-528V.

18. If A.H. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused A.H. to suffer neurological injuries, including, but not limited to cerebellitis, neuropathy and GBS variants, or any other injury or condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of A.H.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

/s/ Tiffany Harris
TIFFANY HARRIS

**ATTORNEY OF RECORD FOR PETITIONERS:**

Christina Ciampolillo
Ronald C. Homer by Rule 37.1(c)(2)
RONALD C. HOMER, ESQ.
Conway Homer, PC
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

JASON C. BOUGERE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-2737

Dated: April 4, 2018

10