# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | * | |
| TIFFANY HARRIS as parent of | * | |
| A.H., a minor, | * | |
| | * | No. 16-528V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: September 24, 2018 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | * | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Jason C. Bougere, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Tiffany Harris, acting on behalf of her minor child A.H., brought a successful petition for compensation under the National Childhood Vaccine Compensation Program. She now sees an award for attorneys' fees and costs. She is awarded $53,526.20.

\* \* \*

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Represented by Mr. Ronald Homer, Ms. Harris filed her petition for compensation on April 29, 2016. Ms. Harris alleged that the influenza ("flu") vaccine that A.H. received on January 27, 2014, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused A.H. to suffer neurological injuries, including, but not limited to, cerebellitis, neuropathy, and Guillain-Barré syndrome. The parties were able to informally resolve the case, agreeing to a joint stipulation on award of compensation that was then adopted. Decision, issued Apr. 5, 2018.

On September 16, 2018, petitioner moved for reimbursement of attorneys' fees and costs, requesting a total of $51,962.01 (representing $41,672.30 in attorneys' fees and $10,289.71 in attorneys' costs). Petitioner's Application for Attorneys' Fees and Costs ("Fees App.") at 1-2. In addition to the attorneys' fees and costs, pursuant to General Order No. 9, petitioner warrants that she personally incurred costs in pursuit of this litigation in the amount of $1,564.19. Id. at 2.

On August 24, 2018, respondent filed his response to the petitioner's motion. In his response, respondent did not object to petitioner's request. Resp't's Resp. at 2. Instead, the respondent stated that he is "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met" and recommended that the undersigned exercise his discretion in determining "a reasonable award for attorneys' fees and costs." Id. at 2-3.

This matter is now ripe for adjudication.

\*     \*     \*

Because Ms. Harris received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Thus, the question at bar is whether Ms. Harris's requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

### A. Reasonable Hourly Rates for Conway, Homer, PC Attorneys

Ms. Harris requests the following rates for her attorneys: for Mr. Ronald Homer, $400 per hour for work performed in 2016, $409 per hour for work performed in 2017, and $421 per hour for work performed in 2018; for Ms. Christina Ciampollilo, $300 per hour for work performed in 2014-2016, $307 per hour for work performed in 2017, and $316 per hour for work performed in 2018; for Mr. Joseph Pepper, $290 per hour for work performed in 2016, $297 per hour for work performed in 2017, and $305 per hour for work performed in 2018; for Ms. Lauren Faga, $265 per hour for work performed in 2016 and $279 per hour for work performed in 2018; for Ms. Meredith Daniels, $286 per hour for work performed in 2017; and for Ms. Sylvia Chin-Caplan, $400 per hour for work performed in 2015. Fees App. at 30. Additionally, Petitioner requests compensation for several law clerks at rates ranging from $135-$142 per hour for work performed from 2014-2018. Id.

The undersigned, as well as many other special masters, have found the rates for Conway, Homer, PC attorneys and staff to be reasonable. See McSorley v. Sec'y of Health & Human Servs., No. 14-919V, 2018 WL 4390500 (Fed. Cl. Spec. Mstr. Aug. 16, 2018); Rice v. Sec'y of Health & Human Servs., No. 15-1335V, slip op. at 3-4 (Fed. Cl. Spec. Mstr. Aug. 27, 2018); Clement v. Sec'y of Health & Human Servs., No. 16-324V, 2018 WL 4090642 (Fed. Cl. Spec. Mstr. July 31, 2018). Accordingly, no adjustment to the requested rates is required.

The paralegal rates requested have previously been found reasonable and are in line with forum rates for paralegals in each respective year. Accordingly, no adjustment to the requested paralegal rates is required.

### B. Reasonable Number of Hours for Conway, Homer, PC

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and

certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain detailed contemporaneous records of time and funds expended under the Program." Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (Rev. Nov. 2004) at § XIV. Detailed (or stated another way, non-vague) contemporaneous records are the petitioner's responsibility and allow the Office of Special Masters to determine the reasonableness of attorneys' fees requests. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit effective review of the fees is in accord with cases from the Federal Circuit and the Supreme Court).

Upon review of the submitted billing statement, the undersigned finds the hours billed (201.8) to be reasonable. Although the petition was filed on April 29, 2016, the billing records indicate that work for this case began in September of 2014. It appears that counsel's work prior to filing the petitioner was well spent, as petitioner was able to file a substantial amount of medical records shortly after filing the petition, and the matter quickly progressed to settlement discussions which were ultimately fruitful for petitioner. Respondent has not identified any particular entry as objectionable and the undersigned's review of the billing record also did not uncover any objectionable entries.

Accordingly, petitioner is entitled to compensation for attorneys' fees in the amount of $41,672.30.

C.     Costs Incurred by Conway, Homer, PC

The fees application also asks for reimbursement in the amount of $10,289.71 in for costs incurred by Conway, Homer, PC. Fees App. at 29. The majority of this amount ($7,740.00) is for the life care plan created by Maureen Clancy for Petitioner. Id. The balance consists of routine expenses, such as medical records, mailing costs, and travel expenses. Id. Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

Upon review, the undersigned finds these requested costs to all be reasonable. The record shows that Ms. Clancy billed 45.1 hours at $150 per hour and 13 hours of travel to meet with Petitioner at $75 per hour. Both the rate and the hours billed are reasonable in the undersigned's experience, and Petitioner shall be fully compensated for this cost. Likewise, Petitioner has provided adequate documentation for the rest of the requested costs, and respondent has not identified any as unreasonable. According, the full amount of costs requested shall be awarded, $10,289.71.

### D. Costs Incurred by Petitioner

Petitioner states that she has personally incurred costs of $1,564.19. Fees App. at 2. These costs are for obtaining medical records and court fees related to establishing a conservatorship. Petitioner has provided adequate documentation of these costs and the undersigned finds them all to be reasonable. Accordingly, Petitioner shall be awarded the totality of her requested costs.

### E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award the following:

(1) a total of **$51,962.01** (representing $41,672.30 in attorneys' fees and $10,289.71 in costs) as a lump sum in the form of a check jointly payable to petitioner and her counsel, Mr. Ronald Homer, Esq.; and

(2) a total of **$1,564.19** as a lump sum in the form of a check payable to Petitioner.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

5